# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY MCMILLAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUDY SUBOSA, et al.,<br><br>　　　　Defendants. | No. 2:18-CV-1965-MCE-DMC<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges defendants violated his Eighth Amendment right against cruel and unusual punishment by failing to provide him adequate medical care.

///
///
///
///
///
///
///
///

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named six Defendants: (1) Judy Subosa, (2) Milla Karasik, (3) Ognden Petras, (4) F. Figueira, (5) Salazar, (6) Kenross.[1] Plaintiff alleges on August 9, 2017, he injured his lower leg at California Medical Facility and was taken to San Joaquin Hospital where they determined Plaintiff had ruptured his Achilles tendon. Plaintiff asserts he was instructed to wear a soft cast, use crutches, and cease use of his leg. These orders and a notice of pending surgical appointments, Plaintiff contends, were given to the California Medical Facility and its medical staff. Plaintiff alleges that according to the restrictions from the surgeon at San Joaquin Hospital, Plaintiff was to be placed in a lower tier and assigned a lower bunk. Plaintiff's request for a lower tier and assignment of a lower bunk, however, were denied. This, Plaintiff asserts, was a violation of the Eighth Amendment.

Additionally, Plaintiff alleges on August 15, 2017, he fell down a flight of stairs from the second floor. Plaintiff contends this occurred after he submitted multiple written requests to the medical officials and the administrative custody guards for housing in the lower tier and in a lower bunk. Plaintiff asserts that medical personnel and custody guards refused to acknowledge all requests for accommodations, which led to Plaintiff's alleged fall. Plaintiff contends, as a result of the fall, he suffered injury to his spine and back. Plaintiff states that it was only after this fall that he received a follow up appointment with Dr. Petras (presumably a follow up to the initial Achilles injury) and that instead of accommodating Plaintiff's needs or providing adequate care, Defendants Kenross and F. Figueira placed Plaintiff in administrative segregation. This, Plaintiff alleges is a violation of the Eighth Amendment.

///
///
///
///
///

---

[1] Defendants Salazar and Kenross are not listed on the docket. The Clerk of the Court will be directed to update the docket to reflect the correct list of current defendants.

### III. ANALYSIS

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

///

///

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's first claim relates to the failure of the medical and correctional staff to accommodate his medical needs—his need to be housed in a lower tier and have a lower bunk—fails to identify the individual Defendant(s) who are allegedly responsible for the violation. Plaintiff's general statement that correctional and medical staff were aware of his need for such accommodations but failed to provide them are insufficient to meet the pleading standard. See Kimes v. Stone, 84 F.3d at1129 (Plaintiff must identify the Defendants who caused the alleged harm). This Court cannot determine if deliberate indifference is sufficiently pled to pass screening if no individual is identified as having committed the alleged constitutional violation. Thus, this claim cannot pass screening.

Plaintiff's second claim is largely the result of the alleged deprivation in the first claim. In other words, Plaintiff alleges that because he was denied the accommodations in claim one, he subsequently fell down the stairs. However, Plaintiff's second claim seems to take issue with how he was treated after he fell down the stairs. Specifically, how he was placed in

administrative segregation. It is unclear, however, how Plaintiff's placement in administrative segregation deprived him of medical care. There are insufficient factual allegations for this Court to determine that Defendants Kenross and F. Figueira could have been deliberately indifferent to Plaintiff's medical needs, because there is simply a dearth of alleged facts. For that reason this claim cannot pass screening.

Plaintiff's third claim related to the pain medication seems to be an allegation just against Defendant M. Karasik. However, Plaintiff has not provided sufficient factual detail about the denial of pain medication to allege deliberate indifference. There are no facts that indicate M. Karasik knew that Plaintiff required such medication and failed to provide it despite that knowledge. Plaintiff does allege J. Subosa and Salazar were aware that he needed the pain medication, however, neither of them seemed to play a role in the alleged deprivation of the medication. For this reason, this allegation too cannot pass screening.

Further, Plaintiff has not alleged any facts showing Defendants J. Subosa, Ognden Petras, or Salazar committed any constitutional violations against Plaintiff. For that reason, no claim against them could pass screening.

### IV. AMENDING THE COMPLAINT

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

///

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

### VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to add Defendants Salazar and Kenross;

2. Plaintiff's complaint is dismissed with leave to amend; and

3. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  April 8, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE